UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexandra Hender,<br><br>    Plaintiff,<br><br> v.<br><br>American Directions Workforce LLC, et al.,<br><br>    Defendants. | No. 2:19-cv-01951-KJM-DMC<br><br>ORDER |

   Defendants American Directions Workforce LLC and American Directions Group, Inc. move for reconsideration of this court's previous order remanding this matter to Shasta County Superior Court. As explained below, the court **denies** the motion for lack of jurisdiction.

   Plaintiff Alexandra Hender brought this putative class action in Shasta County Superior Court, alleging several violations of the California Labor Code. *See generally* Compl., Notice of Removal Ex. B, ECF No. 1-2. Defendants removed, asserting jurisdiction under the Class Action Fairness Act (CAFA). Not. Of Removal ¶ 8, ECF No. 1; *see* 28 U.S.C. §§ 1332(d)(2)(A) & (d)(5). Hender moved to remand. Mot. to Remand, ECF No. 9. This court remanded the action, finding the amount in controversy, $4,820,465, insufficient to meet the jurisdictional minimum. Prev. Order at 17, ECF No. 20; *see* 28 U.S.C. § 1332(d)(2) (CAFA jurisdiction requires amount in controversy exceeding $5 million). Defendants now move for reconsideration of the remand

/////

1

order, Mot. for Recons., ECF No. 22, and the reconsideration question has been fully briefed, Opp'n, ECF No. 23; Reply, ECF No. 25.

Defendants allege the Ninth Circuit's recent decision in *Salter v. Quality Carriers, Inc.*, supports its motion for reconsideration. 974 F.3d 959 (9th Cir. 2020). Before considering the merits of defendants' motion, however, the court must address a threshold issue neither party raises: whether this court has jurisdiction to reconsider a CAFA remand order.

The district court generally may not review or reconsider remands for lack of subject matter jurisdiction. *See Seedman v. U.S. Dist. Ct. for Cent. Dist. Cal.*, 837 F2d. 413, 414 (9th Cir. 1988); *Thermatron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346–48 (1976) *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). The Ninth Circuit has determined that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman*, 837 F.2d at 414. Parties, however, may appeal remands of cases removed under CAFA by virtue of a statutory exception to the rule. *See* 28 U.S.C. § 1453(c); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85–86 (2014). But the Ninth Circuit has not determined district courts have jurisdiction to reconsider remand orders under § 1453(c) or otherwise. Neither have other Circuits, except the Seventh. *See Wingo v. State Farm Fire & Cas. Co.*, No. 13-3097, 2013 WL 3872199, at *2 (W.D. Mo. July 25, 2013) (noting no Eighth Circuit authority on point, and following Seventh Circuit as persuasive).

District courts are split on whether they have jurisdiction to reconsider their own remand orders in CAFA cases. In *Wingo*, the district court was persuaded that reconsideration was "a proper exercise of discretion," relying on Seventh Circuit authority deeming an appeal premature without a prior request for reconsideration below. *See id.* (citations omitted). Another district court denied reconsideration of a prior remand order, reasoning that the CAFA statute expressly provides for appellate review of remand orders but makes no provision for reconsideration by a district court. *Miller v. Volkswagen Am., Inc.*, No. 11-2377, 2012 WL 13019525, at *1 (N.D. Ohio Mar. 15, 2012); *cf. Migis v. AutoZone, Inc.*, No. 08-1394, 2009 WL 690627, at *1 (D. Or. Mar. 6, 2009) (denying for lack of jurisdiction a motion to stay action after remand to state court).

Still other district courts have broadly construed the CAFA exception to "provide continuing jurisdiction to reopen a previously remanded case," and viewed a motion for reconsideration as a proper alternative to appeal of a remand order. *Perez-Reyes v. Nat'l Distrib. Ctrs., LLC*, No. 17-2434, 2018 WL 7077183, at *2 (C.D. Cal. Feb. 8, 2018); *see, e.g.*, *Manier v. Medtech Prods., Inc.*, 29 F. Supp. 3d 1284, 1286–87 (S.D. Cal. 2014) (district court could consider motion to stay after remand, because § 1453 created appellate jurisdiction for remand orders); *Baron v. Johnson & Johnson*, No. 14-1531, 2014 WL 7272229, at *2–3 (C.D. Cal. Dec. 17, 2014) (finding continuing jurisdiction to reconsider CAFA remand in light of § 1453's exception to general rule that remand orders not appealable); *Badeen v. PAR, Inc.*, No. 19-10532, 2020 WL 2573178, at *1 (E.D. Mich. May 21, 2020) (concluding court retained jurisdiction to consider defense motion for reconsideration because "CAFA exception . . . provide[s] continuing jurisdiction to reopen a previously remanded case.").

Previously, in *LaCasse v. USANA Health Sciences, Inc.*, this court found it lacked jurisdiction to grant a motion to stay a CAFA remand pending appeal, reasoning that § 1453(c) provides only for appellate jurisdiction to review remands to state court. No. 20-01186, 2021 WL 877643, at *2 (E.D. Cal. Mar. 9, 2021) (citing *Seedman*, 837 F.2d at 414). "[A] district [court] may take no action post-remand" especially where the court has already determined it lacks subject matter jurisdiction, as it has here and as in *LaCasse*. 2021 WL 877643, at *2 (citing *Seedman*, 837 F.2d at 414). If a district court lacks jurisdiction to decide a motion to stay pending appeal of the remand, it follows that it lacks jurisdiction to reconsider the remand in the first instance as well.

The court **denies** the motion for reconsideration for lack of jurisdiction.

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED: June 22, 2021.

CHIEF UNITED STATES DISTRICT JUDGE